Victoria ODESINA, Plaintiff–Appellant,

v.

SAINT FRANCIS HOSPITAL, Lee
Patcher and William Walton,
Defendants–Appellees.

No. 02–9276.

United States Court of Appeals,
Second Circuit.

July 7, 2003.

Francis A. Miniter, Miniter & Associates, Hartford, CT, for Appellant.

Bernard E. Jacques, Pepe & Hazard, Hartford, CT, for Appellees.

PRESENT: McLAUGHLIN, B.D.
PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Victoria Odesina appeals from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*), granting summary judgment to defendants-appellees Saint Francis Hospital, Lee Patcher, and William Walton.

 Appellant, a Nigerian-born African–American woman, was employed as a registered nurse at Saint Francis Hospital from 1989 to 1999. For most of her employment, she worked in the hospital's Sickle Cell Service, which provides medical care and educational services to patients with sickle cell disease. In September 1998, she commenced an action under 42 U.S.C. § 1981 against the hospital, Patcher, the medical director of the Sickle Cell Service and her immediate supervisor, and Walton, the hospital's director of human resources ("defendants").

Appellant alleged that defendants discriminated against her on the basis of race by (1) failing to promote her to the position of Clinical Services Coordinator, (2) paying her less than similarly situated registered nurses, and (3) subjecting her to a hostile work environment. She further alleges that defendants retaliated against her for asserting her rights under the antidiscrimination laws by transferring her out of the Sickle Cell Service and terminating her employment. She also claimed that defendants retaliated against her for reporting to Connecticut authorities the hospital's allegedly substandard treatment of sickle cell patients, in violation of Conn. Gen.Stat. § 31–51m, Connecticut's "whistleblower statute." Several months after the suit was filed, appellant's husband filed a malpractice suit against the hospital and Patcher, alleging that Patcher had negligently treated appellant's teenage daughter, who was a sickle cell patient at the hospital.

Defendants moved for summary judgment, claiming that appellant's claims of disparate treatment and hostile work environment lacked evidentiary support and that plaintiff was not promoted to Clinical Services Coordinator because the position was never created due to budgetary constraints. Defendants also contended that, following the publication of an article in a local newspaper publicizing her family's malpractice suit against the hospital and Patcher, appellant was transferred from the Sickle Cell Service to another of the hospital's outpatient clinics to spare both appellant and Patcher the discomfort of having to work in close proximity while the malpractice suit was pending. Finally, defendants claimed that appellant was fired for insubordination and disloyalty after the hospital received reports that she was disparaging it and Patcher to patients' families and discouraging patients from receiving treatment there. The District Court found that appellant had presented insufficient evidence to support her claims of disparate treatment and the existence of a hostile work environment, and had failed to raise a genuine issue of material fact as to whether defendants' proffered legitimate nondiscriminatory reasons for failing to promote, transferring and terminating her were pretextual. Accordingly, the District Court granted defendants summary judgment.

We review the District Court's grant of summary judgment de novo. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 763 (2d Cir.2002). We agree with the District Court that appellant failed to present sufficient evidence to support her claims of disparate treatment and the existence of a hostile work environment. Appellant was unable to show that she earned a lower salary than any other registered nurse to whom she was similarly situated or that the few alleged incidents of racial hostility

82

she adduced, considered either individually or collectively, were of a degree or nature such that the conditions of her work environment were altered or became impermissibly hostile. *See Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 436 (2d Cir.1999). Appellant also failed to point to any facts that would rebut defendants' evidence that the position of Clinical Services Coordinator was not created because of budgetary constraints or that would demonstrate that defendants' proffered reasons for her transfer and termination—workplace harmony and her disloyalty to the hospital— were pretextual. Accordingly, summary judgment on these claims was proper.

We have considered appellant's remaining arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.